Ronnie JOHNSON, Sanders Wright, Darnell Mosby, John Sweazea, William K. Havnes, John Alsobrook, Dan Voisey, Michael Lenza, Craig Poston, John Conlin, Charles Johnson, Mike Marksbury, Larry Jackson, Plaintiffs,

v.

William O'BRIEN, Chief of Custody and Treatment of St. Louis County Jail, Bill Breeding, Chief of Operation of the St. Louis County Jail, Leo Plante, Warden of St. Louis County Jail, Herb Burnson, Head Social Service of the St. Louis County Jail, Dr. Samuel Beechwood, Doctor of the St. Louis County Jail, Edward M. Moreland, Acting Director of Welfare of St. Louis County, Missouri, Defendants.

No. 76–210 C (3).

United States District Court,
E. D. Missouri, E. D.

Dec. 30, 1977.

John P. Emde, St. Louis, Mo., for plaintiffs.

Thomas W. Wehrle and Donald J. Weyerich, Sp. Asst. County Counselor, St. Louis County Government Center, St. Louis, Mo., for defendants.

Eugene K. Buckley, Evans & Dixon, St. Louis, Mo., for defendants O'Brien, Breeding and Plante.

JUDGMENT AND ORDER

NANGLE, District Judge.

This matter is before the Court on the pleadings of the parties, the reports of the United States Magistrate, the Stipulation and Consent to Entry of Judgment executed and filed by the parties hereto, the Stipulations of the Parties, and the Court being fully advised in the premises, does hereby order, adjudge and decree as follows:

1. The reports of the United States Magistrate dated October 5, 1976, June 15, 1977 and June 22, 1977 are accepted and approved by the Court and the Court finds the facts of the case to be as set forth by the Magistrate in his reports dated October 5, 1976, June 15, 1977 and the first paragraph of the report dated June 22, 1977 filed with the Court on June 27, 1977.

2. Defendant Edward M. Moreland, in his capacity as Acting Director of Welfare of St. Louis County, Missouri, and his successors in office as the persons charged with the responsibility of the operation and maintenance of the St. Louis County Jail under the charter of St. Louis County, Missouri, are hereby ordered to proceed to conclusion with the renovation and alteration of the main cell blocks in the facility oper-

ated by St. Louis County located in the County Government Center on Forsyth Blvd. in Clayton, Missouri commonly known as the "St. Louis County Jail" as set forth in the Stipulation and Consent to Entry of Judgment, so that upon the completion of the aforesaid construction and renovation there will be cells containing a larger area for the inmates confined in the aforesaid institution in that a cell block will consist of three separate confinement areas or cells, each of which will measure thirty-two (32) feet long, eight (8) feet wide, and eight (8) feet in height, and will house a maximum of eight (8) prisoner inmates. Each of such renovated confinement areas or cells shall have a shower, toilet facilities, wash basin, mirror and a shelf or shelves for the purpose of holding personal effects of the prisoners. Upon completion of the entire construction and renovation project, there will be twelve (12) such described eight (8) man confinement areas or cells, thus having a total maximum capacity of ninety-six (96) prisoner inmates, with no more than eight (8) persons confined in any confinement area or cell at any given time. Each of the new cells, as renovated, shall have a sleeping area of seventeen (17) feet by eight (8) feet, by eight (8) feet, and a living area of fifteen (15) feet by eight (8) feet by eight (8) feet. The final work with regard to said renovation and reconstruction shall be performed and completed within one (1) year from the date hereof; if, however, for any reason it shall appear to defendant Edward M. Moreland, Acting Director of Welfare, or his successor in office that said construction and renovation project cannot be completed within said one year time period, then in such event said defendant shall at such time promptly advise the Court of such fact in writing and shall state the reason or reasons therefor and the new or extended anticipated completion date for said project; this Court shall retain jurisdiction over this matter for such time period as is necessary to complete the aforesaid renovation project.

3. Prior to the completion of the reconstruction and renovation of the cells as indicated herein, defendant Edward M. Moreland as Acting Director of Welfare and his successors in office are hereby enjoined as follows: the maximum number of prisoners confined in any one confinement area or cell within any of the existing cell blocks shall not exceed six (6) inmates or prisoners. If, during the construction and renovation period, an emergency arises, which in the judgment of the Director of Welfare, requires that more than six (6) individuals be confined in one confinement area or cell, then in such circumstances, no more than two (2) additional inmates may be housed temporarily in a given confinement area or cell for a period of time not to exceed twenty-four (24) consecutive hours. If for any reason the population of any of the respective confinement areas or cells exceeds six (6) persons for more than twenty-four (24) consecutive hours, then in such circumstances the Director of Welfare shall immediately notify the attorneys of record of this action in writing of such situation and such notice shall state the names of the prisoners so confined, the nature of the emergency, and the time of commencement of the confinement of such excess number of inmates.

4. Defendant Edward M. Moreland as Acting Director of Welfare and his successors in office shall institute and maintain a recreational program, operated so as to insure that every prisoner inmate of the St. Louis County Jail will be offered a minimum of three (3) one (1) hour periods of recreational activity per week.

5. Defendant Edward M. Moreland, Acting Director of Welfare, and his successors in office shall maintain and carry out as a part of the medical program at the Jail, a program by which a daily canvass of all prisoner inmates will be made at approximately 9:00 a. m. by the staff of the institution. Each cell block will be given a printed form on which any and all inmates desiring medical attention will be permitted to sign his name and indicate thereon the type and nature of his medical complaint. These written forms shall then be forwarded to the licensed practical nurse on duty at the

Jail who shall, on a daily basis, visit each detention area and attend to each inmate who has previously indicated a desire for medical attention. There will be recorded or noted on the "sick call form" the type of medication, if any, furnished to each inmate, and whether or not that individual voluntarily took said medication. The form will then subsequently be filed in the nurse's office and be made available to all medical personnel, including the St. Louis County physician. Should an inmate indicate that his physical condition is such that the inmate believes he should see a medical doctor, such inmate shall be given the opportunity to do so by either being immediately transported to the emergency room, St. Louis County Hospital, or by examination by the medical doctor who shall be at the County Jail facility a minimum of three (3) times per week. The inmate shall indicate a desire to see a medical doctor by placing his name on the sick call form. The decision as to whether or not an inmate shall be seen by a doctor shall be made and determined by the inmate's own request and/or by the determination of the licensed practical nurse and/or the Director of Welfare or other senior supervisory personnel of the Jail. No correctional officer or guard shall, as a part of the sick call procedure, have authority to prevent an inmate from seeing either the doctor or the licensed practical nurse.

6. The defendant Edward M. Moreland, Acting Director of Welfare, and his successors in office shall continue the previously initiated ongoing maintenance program pertaining to the Clayton facility by which a minimum of eight (8) prisoner inmates regularly are assigned housecleaning chores within the regular confinement areas of the Jail in Clayton, Missouri. In addition, there shall be special work details comprised of two (2) or three (3) prisoner inmates who shall be assigned housekeeping chores. All prisoner inmates shall be supplied with the necessary equipment for the purpose of cleaning the prisoner's own area under the supervision of jail personnel.

7. The defendant Edward M. Moreland, Acting Director of Welfare, and his successors in office shall continue in effect the program at the Clayton Jail facility by which each prisoner inmate is given the opportunity of laundering his undergarments, socks and towels, on, at a minimum, a weekly basis.

8. The defendant Edward M. Moreland, Acting Director of Welfare, and his successors in office shall continue the program of permitting a minimum one (1) forty (40) minute per week per inmate visit, said visitation periods to include week-ends, and said visitation program shall conform with the provisions outlined in the "Manual of Standards for Adult Correctional Institutions" which is sponsored by the American Correctional Association and funded by the Rehabilitation Division, Office of Regional Operations, Law Enforcement Assistance Administration, United States Department of Justice.

9. Plaintiffs shall not recover any monetary damages herein.

10. Counsel for plaintiffs shall recover of defendants attorney's fees in the amount of $2850.00.

11. Defendants shall bear plaintiffs' costs herein.